IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40286
Summary Calendar
_____

CARL THOMPSON,

Plaintiff-Appellant,

versus

RANDY MCLEOD, Warden, Stiles Unit; ET AL.,

Defendants,

RANDY MCLEOD, Warden, Stiles Unit; ROBERT MORIN;
DAVID BIRDWELL; JEFFERY POPE; PHONSO RAYFORD; JAMES TURNER;
ERNEST ANDERSON; BRIAN THOMPSON; WAYNE BREWER; BRADLEY ALLISON

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CV-607
- - - - - - - - - -
February 15, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Carl Thompson, Texas prisoner # 489359, appeals the magistrate judge's decision granting summary judgment in favor of the defendants in Thompson's 42 U.S.C. § 1983 civil rights complaint. He argues that:  1) his rights were violated when the defendant-prison officials confiscated property from his cell, including legal material and medication; 2) the defendants used excessive

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

force; and 3) the defendants retaliated against him for filing grievances and complaints. We have reviewed the record and Thompson's brief, and we AFFIRM the magistrate judge's judgment for essentially the same reasons set forth by the magistrate judge. See Thompson v. McCleod et al., No. 1:93cv607 (E.D. Tex. Feb. 27, 1998).

Thompson's claims concerning the October 5, 1993, use of excessive force and denial of freedom of religion are not properly before the court because Thompson voluntarily dismissed the claims in the district court. His claim that he was not allowed to see an imam is refuted by the record, and his claim concerning access to religious materials is wholly conclusional and, as such, cannot support his § 1983 complaint. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Finally, Thompson's motion for the appointment of counsel is DENIED.

JUDGMENT AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.